

## OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Hon. Sam H. Davidson
County Attorney, Hockley County
Levelland, Texas

Dear Sir:

Opinion No. 0-6169
Re: When former tax collector of independent
school district failed to credit upon
the tax rolls certain school taxes paid,
can his successor, with the authority
of the board of school trustees of the
district to so do, make entries showing
such taxes paid upon presentation of
tax receipts by taxpayers, and related
question as to personal liability?

In your request of August 17, 1944, for the opinion
of this department, you submit the following fact situation
and questions thereon:

"J. B. Reece is now employed as the Tax Assessor
for the Petit Independent School District, of Hockley Co.,
Texas. When Mr. Reece became Tax Assessor and Collector
for the Pettit District, the tax rolls showed several
taxpayers were delinquent. However a good many of these
same parties have tax receipts to show they paid the
taxes. The question that Mr. Reece is asking is as
follows: Does Mr. Reece have the legal right to mark
those taxes paid, if the School Board of said School
District gives him the authority? If said School Dis-
trict Board gives him the authority to mark those taxes
paid, is Mr. Reece personally liable in any way? The
School Board is willing to give this authority but there
is a question in Mr. Reece's mind about it being legal."

In your letter of September 16, 1944, you supplement
your former letter as follows:

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. Sam H. Davidson, page 2

"No one questions the fact that these taxes, which we are asking for your opinion, as they now appear on the tax rolls have been paid. Besides the tax receipts they have corroborative evidence such as canceled checks and witnesses. Mr. J. B. Reece the present tax collector of the Pettit Independent School District does not doubt that the taxes have been paid. The School Board of the Pettit Independent School District does not doubt that the taxes have been paid and that the taxpayers are right in their contentions."

In the absence of specific statutory enactments giving the duties and liabilities of tax collectors of independent school districts, the provisions of Chapter 8, Title 122, V. A. C. S., 1925, govern the above situation.

Article 7257, V. A. C. S., 1925, states that the tax collector or his deputy, "whenever any tax is paid" shall give to the taxpayer a receipt, specifying the amount of tax paid, the year for which the tax was assessed, and the description of the property assessed; that the tax collector shall affix his seal thereto, which receipt shall be admissible to record in the county in which the property is situated, and when so recorded shall be full and complete notice to all persons of the payment of said tax. The tax collector, "whenever any taxes are paid," shall credit same on the tax rolls, and such entries shall be notice to all the world of the payment of such tax.

If, upon the presentation of the tax receipts and other corroborative evidence to the School Board by the individual taxpayers, the Board is satisfied that the taxes have actually been paid to the former tax collector, but that such tax collector failed and neglected to make the required entries upon the tax rolls, then the School Board by proper resolution could authorize the present tax collector to enter upon the tax rolls a statement that the taxes had been paid by the taxpayer upon the date shown by his receipt, which answers your first question "Yes."

If the Board has granted the authority to make such entries as indicated above because the taxes have actually been paid to the former tax collector, then no liability would be assumed by the present tax collector for performing such authorized ministerial act, which answers your second question "No."

Hon. Sam H. Davidson, page 3

758

        In addition, Article 7258, V. A. C. S., 1925, which
is herein quoted, provides an adequate remedy for the taxpayers
who hold tax receipts, but whose payments have not been entered
upon the tax rolls:

        "Every receipt for the payment of taxes on property,
real, personal or mixed, hereafter paid, as well as those
heretofore paid, collected by State county or municipal
officers, may be recorded in the office of the county
clerk of the county where the property is situated.  On
presentation of a tax receipt to the county clerk he shall
immediately file the same in the same manner of filing a
deed to land, and enter and record such receipt in full
in a record book kept by him for the purpose of recording
tax receipts, to be called 'Tax Receipt Record,' and shall
have the name and number written thereon, and such record
shall be notice to all the world of the payment of such tax,
and certified copies thereof may be used in evidence on
issues involving the same under like rules admitting certi-
fied copies of deeds in evidence."  (Emphasis ours)

        Since an independent school district is a municipal
corporation, and the tax collector a municipal officer, such
tax receipts can be recorded and are notice to all the world
of the payment of such tax.

                                Yours very truly

                                ATTORNEY GENERAL OF TEXAS


                          By
                                C. K. Richards
                                Assistant


CKR:AMM


APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN